Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office:  (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Shirley Hoffman**, an individual;<br><br>Plaintiff,<br><br>v.<br><br>**Charles Howell & Associates Inc., d.b.a. Howell & Associates**, a Florida corporation;<br>**David Roche**, an individual;<br>**James Pierce**, an individual;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

### I.   PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendants engaged in

deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II. STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who

1  uses any instrumentality of interstate commerce or the
2  mails in any business the principal purpose of which is
3  the collection of any debts, or who regularly collects
4  or attempts to collect, directly or indirectly, debts
5  owed or due or asserted to be owed or due to another.
6  FDCPA § 1692a(6).
7  7. Any debt collector who fails to comply with the
8  provisions of the FDCPA is liable for any actual damage
9  sustained; statutory damages up to $1,000; attorney's
10  fees as determined by the Court and costs of the action.
11  FDCPA § 1692k.

### III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV. PARTIES

9. Plaintiff is a resident of Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA §1692a(3).
11. Defendant Charles Howell & Associates, Inc. (hereinafter "Howell") is a corporation domiciled in the State of Florida.
12. Howell does business under the trade name of "Howell &

1  Associates."
2  13. Howell is not registered to do business within the state
3  of Arizona, and is not licensed as a collection agency
4  by the Arizona Department of Financial Institutions.
5  14. Howell regularly collects or attempts to collect debts
6  owed or asserted to be owed or due another, or debts
7  which it has purchased after default, and is a "debt
8  collector" as defined by FDCPA §1692a(6).
9  15. Upon information Defendant David Roche is employed as a
10  collector by Howell.
11  16. Roche regularly collects or attempts to collect debts
12  owed or asserted to be owed or due another.
13  17. Roche is a "debt collector" as defined by FDCPA
14  §1692a(6).
15  18. Upon information Defendant James Pierce is employed as
16  a collector by Howell.
17  19. Pierce regularly collects or attempts to collect debts
18  owed or asserted to be owed or due another.
19  20. Pierce is a "debt collector" as defined by FDCPA
20  §1692a(6).
21  21. At all times relevant herein, Roche and Pierce were
22  acting on behalf of and with full authority from Howell.
23  22. Howell is liable to Plaintiff for Roche's and Pierce's
24  actions.
25  **V.   FACTUAL ALLEGATIONS**
26  23. Plaintiff signed up for satellite television service

|   |     |                                                                    |
|---|-----|--------------------------------------------------------------------|
| 1 |     | through Dish Direct for personal, family, and/or                   |
| 2 |     | household purposes.                                                |
| 3 | 24. | After the service was terminated, Dish Direct claimed              |
| 4 |     | that Plaintiff owed a remaining balance on the account.            |
| 5 | 25. | Dish Direct subsequently assigned the alleged debt to              |
| 6 |     | Howell for collection purposes.                                    |
| 7 | 26. | On December 28, 2006 Plaintiff received a telephone call           |
| 8 |     | from Howell's collector, David Roche, concerning the               |
| 9 |     | Dish Direct debt.                                                  |
|10 | 27. | This was the first communication Plaintiff received from          |
|11 |     | Howell concerning the Dish Direct account.                         |
|12 | 28. | Roche told Plaintiff that he was calling from "Howell &           |
|13 |     | Associates," but did not identify Defendant's true name           |
|14 |     | of Charles Howell & Associates, Inc.                              |
|15 | 29. | Plaintiff told Roche that she disputed the debt and did           |
|16 |     | not owe Dish Direct any money.                                     |
|17 | 30. | Roche told Plaintiff that she had until 6:00 p.m. that            |
|18 |     | day to pay the debt.  Plaintiff told Roche that she was            |
|19 |     | out of town on vacation and did not have her check book            |
|20 |     | with her, and that she would contact Howell upon her              |
|21 |     | return home.  Roche told her that that would not be good          |
|22 |     | enough.  He also told Plaintiff that she should call her          |
|23 |     | bank and get her banking information now so that she              |
|24 |     | could make a payment before the deadline that day.                |
|25 | 31. | Plaintiff told Roche that she would not agree to make a           |
|26 |     | payment that day, but would take care of matter when she          |

|   |   |
|---|---|
| 1 | returned home on January 1, 2007. |
| 2 | 32. Roche then told Plaintiff that if she did not give him a payment by 6:00 p.m. that day, he would put a garnishment on her wages. Plaintiff then hung up. |
| 5 | 33. At no time during this conversation did Roche disclose that he and Howell were attempting to collect a debt and that any information obtained would be used for that purpose as required by 15 U.S.C. § 1692e(11). |
| 9 | 34. On December 28, 2006 Plaintiff telephoned Howell and spoke with Roche. |
| 11 | 35. Roche would not allow Plaintiff to explain her dispute and continually talked over her and was very rude. |
| 13 | 36. Roche again told Plaintiff that she only had until the end of the day to pay the debt. |
| 15 | 37. Plaintiff again telephoned Howell to get more information concerning the company because she wanted to file a complaint with the Federal Trade Commission. |
| 18 | 38. During this call, Plaintiff was transferred to James Pierce. |
| 20 | 39. Pierce immediately started yelling and screaming at Plaintiff, and told her that "you are a debtor and you don't have any rights." |
| 23 | 40. On or about January 5, 2007, Howell mailed a dunning letter to Plaintiff concerning the Dish Direct debt. |
| 25 | 41. This letter was the first written communication Howell sent to Plaintiff concerning the Dish Direct debt. |

42. The January 5, 2007 letter identified Howell only as "HOWELL & ASSOCIATES," and did not give the true identity of Charles Howell & Associates, Inc.
43. Howell failed to timely provide written notice to Plaintiff of her rights contained the verification/validation notice as required under 15 U.S.C. § 1692g.
44. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, embarrassment, emotional distress and invasion of privacy.
45. Defendants' actions were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of their persistent and routine practice of debt collection.
46. In the alternative, Defendants' actions were negligent.

### VI.   CAUSES OF ACTION

**a.   Fair Debt Collection Practices Act**

47. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
48. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§1692c(a)(1), 1692d, 1692d(2), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692e(14), and 1692g.
49. As a direct result and proximate cause of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages for which Defendants are liable.

**VII.   DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

**VIII.   PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Statutory damages of $1,000 against each defendant pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

DATED     March 26, 2007    .

**FLOYD W. BYBEE, PLLC**

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

- 8 -

**VERIFICATION**

I, Shirley Hoffman, hereby state that I am the Plaintiff in this matter, and as such verify that the statements made in the foregoing are true and correct to the best of my knowledge, information and belief.

Date 3-26-07 .

*Shirley Hoffman*
Shirley Hoffman